AYRES, Judge.
This is an action in tort wherein Mrs. Hazel M. Captain seeks to recover damages for personal injuries sustained in an automobile accident of February 7, 1969. She is joined by her husband, Manuel Jorge Captain, who seeks to recover medical expenses for her treatment and for other losses attributable to her injuries.
The accident occurred at the intersection of Marshall and Vine Streets in Shreveport as the family car of plaintiffs, driven by Mrs. Captain, was struck from the rear by the vehicle owned and operated by defendant Wynn L. Norris. Mrs. Captain was thrown from the automobile onto the street. Norris and his insurer were made defendants.
No issue is presented as to Norris’ fault, nor as to his or his insurer’s liability. Special damages claimed by plaintiff Manuel Captain were stipulated at $1,237.40. After trial, Mrs. Captain was awarded $2,000.00 for her personal injuries and from this judgment she prosecutes this appeal.
■Therefore, the only issue before this court is the adequacy of the award to compensate Mrs. Captain for the personal injuries sustained by her. Plaintiff contends that, in making the award, the trial court abused the discretion vested in it by failing to take into consideration the awards in similar cases and the deflated value of our currency.
The award made by the trial court was based on a review of medical reports filed as evidence in the record. Our decision must accordingly be reached upon our review and appreciation of the same documents. The record discloses that Mrs. Captain suffered pain and experienced discomfort for a period of approximately nine months. During that time she was examined by and received medical treatment from three physicians.
Dr. J. Richard Brown examined plaintiff in February, 1969, and diagnosed her injury as of a whiplash type or as an acute musculo-ligamentous sprain of the cervical spine. She was fitted with a cervical collar to relieve pressure and given muscular relaxants. Dr. Brown expressed the opin *128 ion that the sprain would eventually clear up without permanent disability or residual effects.
Plaintiff further complained of being-unable to properly focus her eyes. On the basis of this complaint, she was sent to Dr. Frank L. Bryant for examination and treatment. Dr. Bryant reported there was no obvious muscular impairment that could be detected by a normal gaze-rotation test, but with the Maddox Rod Red Light muscle test she had a 6-prism diopter exophoria which was only an increase of two over normal. Later examinations revealed that this deficiency had disappeared, and, based on his last examination, Dr. Bryant expressed an opinion that plaintiffs eyes were normal in all respects.
Plaintiff was seen on several occasions by Dr. Heinz K. Faludi, a local neurosurgeon, who reported, from his first examination of plaintiff on March 25, 1969, that plaintiff was apparently acutely ill. The doctor’s conclusion was that Mrs. Captain suffered primarily from a cervical sprain, with a superimposed occipital neuralgia. A spinal puncture was later performed which revealed normal pressure on the spinal cord. After continuing treatment for several months and into late November, 1969, the doctor observed Mrs. Captain had only minor residuals from the injuries sustained in the accident which no longer required active treatment.
Although the test made by Dr. Bryant of plaintiff’s eyes revealed that the 6-prism diopter exophoria continued to exist on February 20 and on March 2, 17, and 21, 1969, nevertheless, according to the doctor, similar examinations on March 31 and April 7, 1969, revealed plaintiff’s eyes had returned to normal; that her visual acuity for distance without glasses was also normal. Thus, in his judgment, her eyes were in all respects normal.
In considering the quantum of the award, we have reviewed numerous decisions involving similar type injuries but none identical. The award in a particular case must be made upon the facts of that individual case. From the nature, extent, and duration of Mrs. Captain’s injuries in the instant case, with the pain, suffering, inconvenience, and discomfort resulting therefrom, we have concluded that the award was inadequate to compensate her. We are of the further opinion there was, at least, a slight abuse of the “much” discretion vested in the trial court whose opinion was based on only written reports, which reports we have likewise reviewed. Our opinion is that an award of $3,500.00 is not excessive to compensate Mrs. Captain for her injuries.
For the reasons assigned, the award of damages to Mrs. Captain is increased to $3,500.00, and the judgment appealed is accordingly amended and, as amended, affirmed at defendants-appellees’ costs.
Amended and affirmed.